UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| TODD M. ELDRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 2:18-cv-00050 |
| | ) CHIEF JUDGE CRENSHAW |
| COOKEVILLE JUSTICE CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

Todd Eldridge, an inmate at the Putnam County Jail in Cookeville, Tennessee, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against the Cookeville Justice Center and the Putnam County Jail. Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. No. 2.)

## I. Application to Proceed as a Pauper

The Court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's *in forma pauperis* application that he lacks sufficient financial resources from which to pay the full filing fee in advance, his application (Doc. No. 2) will be granted, and the $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

## II. Initial Review

Under the screening requirements of the Prison Litigation Reform Act ("PLRA"), the Court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The

Court must construe a *pro se* complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)).

A.  **Factual Allegations**

Plaintiff alleges that, at some unspecified time in 2017, he got into a fight while he was in "max" with John Mayberry—another inmate with whom Plaintiff was designated "incompatible." (Doc. No. 1 at 5.) Plaintiff alleges that correctional officers told him that he and Mayberry were not designated incompatible, but Plaintiff "know[s] for sure [they] were." (Id. at 7.) On April 6, 2018, Plaintiff was placed in administrative protective custody on the same jail block as Mayberry. (Id. at 5.) On April 9, after being separated from other inmates in a courtroom for a few hours, Plaintiff expressed his need to use the restroom. (Id.) Jail staff then led Plaintiff to an "unsupervised" holding cell where multiple inmates were located, including Mayberry. (Id. at 5, 7.) Mayberry "jumped" Plaintiff, fractured his jaw, knocked out "several" of his teeth, and left him unconscious. (Id. at 5.)

Plaintiff alleges that the jail nursing staff "ma[de him] wait 5 weeks with a fractured jaw before getting [him] help." (Id. at 7.) At some point, Plaintiff underwent three x-rays and one MRI, all confirming that he had suffered a fractured jaw. (Id.) Plaintiff also alleges that he experienced PTSD after Mayberry attacked him, and Plaintiff tries to protect himself because he "see[s] things coming at [him] out of [his peripheral] vision and it triggers [his] defensive mechanism." (Id.)

B.  **Standard of Review**

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under the PLRA's screening requirements, the Court applies the same standard as under

Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

**C.    Discussion**

As an initial matter, Plaintiff lists the "Cookeville Justice Center" and the "Putnam County Jail" as defendants in the caption of the complaint. (Doc. No. 1 at 1.) In the body of the complaint, however, Plaintiff lists the only defendant as the "Putnam County Justice Center" (id. at 2), and states that the allegations in the complaint pertain to his confinement at the "Putnam County Justice Center" (id. at 4). Accordingly, the Court considers the Putnam County Justice Center to be the only defendant in this action.

"To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" Winkler v. Madison Cty., No. 17-6073, 2018 WL 3121233, at *5 (6th Cir. June 26, 2018) (quoting Shadrick v. Hopkins Cty., 805 F.3d 724, 736 (6th Cir. 2015)). Here, Plaintiff fails to state a claim against the Putnam County Justice Center because it is a building, "not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983." McIntosh v. Camp

3

Brighton, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that prison facilities are inappropriate defendants under § 1983).

The Court may liberally construe Plaintiff's references to the Putnam County Justice Center as an attempt to name Putnam County as a defendant. Doing so in this case, however, would be futile. For Putnam County to be liable under § 1983, Plaintiff must show that the county's "policy or custom directly caused" his alleged injuries. Hadrick v. City of Detroit, Mich., 876 F.3d 238, 243 (6th Cir. 2017) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-92 (1978)). Plaintiff does not allege that Putnam County had a policy or custom that caused the attack on April 9, 2018, or the subsequent delay in medical treatment. Accordingly, Plaintiff also fails to state a claim against Putnam County.

Moreover, Plaintiff's allegations regarding the April 9 attack do not state a claim for relief. Plaintiff checked a box on the complaint form reflecting that he is a pretrial detainee. (Doc. No. 1 at 1.) The Due Process Clause of the Fourteenth Amendment protects pretrial detainees "from violence at the hands of other prisoners," in much the same way that the Eighth Amendment protects convicted inmates. Richko v. Wayne Cty., Mich., 819 F.3d 907, 915 (6th Cir. 2016). Thus, the Sixth Circuit has instructed courts to analyze a pretrial detainee's failure-to-protect claim using the framework set forth in Farmer v. Brennan, 511 U.S. 825 (1994). Id. (citing Ruiz-Bueno v. Scott, 639 F. App'x 354, 358 (6th Cir. 2016)). Under Farmer, an inmate's claim for failing to protect him from violence by other inmates has an objective and subjective component. Bishop v. Hackel, 636 F.3d 757, 766–67 (6th Cir. 2011) (citing Farmer, 511 U.S. at 833). For the objective component, a plaintiff must demonstrate that "he is incarcerated under conditions posing a substantial risk of serious harm." Id. at 766 (quoting Farmer, 511 U.S. at 833). For the subjective

4

component, a plaintiff must show that a prison official "kn[ew] of and disregard[ed]" that risk. Id. at 766–67 (quoting Farmer, 511 U.S. at 837).

Here, even assuming that Plaintiff has satisfied the objective component, Plaintiff has not alleged that any prison official had the state of mind necessary for his failure-to-protect claim. As to the objective component, the Court assumes without deciding that Plaintiff's placement in the allegedly unsupervised holding cell posed a substantial risk of serious harm to him. As to the subjective component, however, Plaintiff has not demonstrated that a prison official knowingly disregarded an excessive risk to his safety. Plaintiff alleges only that, in response to Plaintiff's request to use the restroom, a correctional officer led him to a holding cell where many inmates were located. One of those inmates was John Mayberry, an inmate with whom Plaintiff had previously been designated incompatible. Mayberry then severely attacked Plaintiff. The allegations do not reflect that the unnamed correctional officer knew that Mayberry was among the multiple inmates in the cell, or knew of Plaintiff's "incompatible" designation with Mayberry. Plaintiff's allegations, therefore, fail to state a claim for failure to protect.

As to the alleged delay in providing medical treatment after the attack, Plaintiff's allegations also fail to state a claim as currently presented. The Due Process Clause of the Fourteenth Amendment "provides [pretrial detainees] the basis to assert a § 1983 claim of deliberate indifference to serious medical needs." Winkler, 2018 WL 3121233, at *6 (quoting Phillips v. Roane Cty., 534 F.3d 531, 539 (6th Cir. 2008)). This claim is also "comprised of an objective and a subjective component." Richmond v. Huq, 885 F.3d 928, 937–38 (6th Cir. 2018) (footnote omitted) (citing Clark-Murphy v. Foreback, 439 F.3d 280, 286 (6th Cir. 2006)). "The objective component requires the plaintiff to show that the medical need at issue is 'sufficiently serious.'" Id. at 938 (quoting Farmer, 511 U.S. at 834). To satisfy the subjective component, a

prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference." Id. at 939 (quoting Farmer, 511 U.S. at 837).

Here, Plaintiff alleges that, after another inmate attacked him on April 9, 2018, the "jail nursing staff . . . ma[de him] wait 5 weeks with a fractured jaw before getting [him] help." (Doc. No. 1 at 7.) At this stage in the proceedings, Plaintiff's alleged injury satisfies the objective component of a claim for denial of adequate medical treatment. Plaintiff's general reference to "jail nursing staff," however, does not satisfy the subjective component. "[T]he subjective component of a deliberate indifference claim must be addressed for each officer individually," Winkler, 2018 WL 3121233, at *6 (quoting Phillips, 534 F.3d at 542), meaning Plaintiff must allege that a "specific individual was aware of facts from which he or she could infer a substantial risk of serious harm." Id. Because Plaintiff does not identify any specific individuals who were involved in the alleged delay of medical treatment, this claim is also subject to dismissal based on the allegations before the Court.

### III. Conclusion

In its current form, the Court concludes that Plaintiff fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). As set forth in the accompanying Order, however, the Court will allow Plaintiff an opportunity to amend the complaint regarding his claim for denial of adequate medical care. See LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). Plaintiff will not be permitted to amend his complaint regarding any other claims because, for the reasons stated above, amendment regarding those claims would be futile. See Bishawi v. Ne. Ohio Corr. Ctr.,

628 F. App'x 339, 347 (6th Cir. 2014) (citing Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995)) ("Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, LaFountain, 716 F.3d at 951, and leave to amend should be denied if the amendment would be futile.").

An appropriate Order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE