# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| TODD M. ELDRIDGE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 2:18-cv-00050 ) CHIEF JUDGE CRENSHAW |
| COOKEVILLE JUSTICE CENTER, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

Todd Eldridge, an inmate at the Putnam County Jail in Cookeville, Tennessee, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an application to proceed *in forma pauperis* (Doc. No. 2). On July 11, 2018, the Court granted Plaintiff's *in forma pauperis* application and found that the complaint failed to state a claim as presented, but granted Plaintiff 30 days to file an amended complaint regarding his claim for denial of adequate medical treatment. (Doc. No. 5.) On July 30, 2018, the Court received the amended complaint.[1] (Doc. No. 7.) Accordingly, the amended complaint is before the Court for an initial review under the Prison Litigation Reform Act.

## I.  Initial Review of the Amended Complaint

Under the screening requirements of the Prison Litigation Reform Act ("PLRA"), the Court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who

---

[1] Plaintiff also submitted a letter expanding on the allegations in the original complaint. (Doc. No. 6.) Liberally construing Plaintiff's filings, the Court will consider the allegations in the letter in addition to the allegations in the amended complaint.

is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The Court must liberally construe *pro se* filings, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)).

A. **Factual Allegations**

Plaintiff alleges that, on April 9, 2018, a Putnam County Jail bailiff led him into a restricted area outside of a courtroom at the Putnam County Justice Center, which is in the same building as the Putnam County Jail. (Doc. No. 6 at 1; Doc. No. 7 at 5.) "Several inmates" were "roaming" in the restricted area instead of being secured in a holding cell. (Doc. No. 6 at 1.) Another inmate "struck" Plaintiff, and Plaintiff sustained a fractured jaw. (Id.) Plaintiff's medical treatment consisted of four Tylenol per day, an MRI, and x-rays. (Id.) A doctor told Plaintiff that he needed an "alignment procedure," but Plaintiff has not been allowed to undergo this procedure. (Id. at 1–2.) Plaintiff alleges that he has not received proper medical treatment for his fractured jaw as of July 6, 2018. (Id. at 2.)

B. **Standard of Review**

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under the PLRA's screening requirements, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations

that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### C. Discussion

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Parma Heights, 437 F.3d 527, 533 (6th Cir. 2006)).

#### 1. Dismissal of Plaintiff's Claim for Denial of Adequate Medical Care

In its previous Order, the Court granted Plaintiff an opportunity file an amended complaint regarding his claim for denial of adequate medical care. (Doc. No. 5.) To that end, the Court ordered Plaintiff to "identify all individuals against whom he seeks relief for the alleged denial of adequate medical treatment." (Doc. No. 5 at 2.) The Court also warned Plaintiff that failure to comply with these instructions would lead to dismissal for failure to state a claim, failure to comply with the instructions of the Court, and failure to prosecute. (Id. at 3.) Here, Plaintiff has filed an amended complaint (Doc. No. 7) and a letter (Doc. No. 6), but neither filing complies with the Court's instructions. That is, Plaintiff repeats and clarifies many of the allegations regarding the circumstances in which he allegedly sustained a fractured jaw, but does not identify any specific individuals who were involved in alleged inadequate treatment of that injury, as required to satisfy the subjective component of a claim for deliberate indifference to serious medical needs. (Doc. No. 4 at 5–6 (citing Winkler v. Madison Cty., 893 F.3d 877, 891 (6th Cir. 2018).) For this reason,

and the reasons stated in the Court's previous Memorandum Opinion (Doc. No. 4 at 5–6), Plaintiff's claim for deliberate indifference to his serious medical needs will be dismissed.

### 2. Dismissal of Plaintiff's Claim for Failure to Protect

Plaintiff also presents additional allegations regarding the circumstances in which he sustained a fractured jaw. The Court construes these allegations as a request for reconsideration of its previous ruling that Plaintiff failed to state a claim for failure to protect. (See Doc. No. 4 at 4–5.) For the following reasons, however, the Court concludes that Plaintiff's most recent allegations (Doc. Nos. 6 and 7) still do not to state a failure to protect claim.

In the amended complaint, Plaintiff names the "Cookeville Justice Center" and the "Putnam County Jail" as defendants, but notes that they are "the same building." (Doc. No. 7 at 1–2, 5.) Plaintiff also states that the allegations in the amended complaint pertain to his confinement at the "Putnam County Jail [and] Putnam County Justice Center." (Id. at 4.) For the purpose of initial review, the Court considers the two named defendants in the amended complaint to be the Putnam County Jail and the Putnam County Justice Center. Nonetheless, Plaintiff fails to state a claim against these defendants because a building is "not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983." McIntosh v. Camp Brighton, No. 14-CV-11327, 2014 WL 1584173, at *2 (E.D. Mich. Apr. 21, 2014) (collecting cases establishing that prison facilities are inappropriate defendants under § 1983).

Because Plaintiff is proceeding *pro se*, the Court may liberally construe the amended complaint as attempting to name Putnam County as a defendant. For Putnam County to be liable under § 1983, Plaintiff must show that the county's "policy or custom directly caused" his alleged injuries. Hadrick v. City of Detroit, Mich., 876 F.3d 238, 243 (6th Cir. 2017) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-92 (1978)). Here, Plaintiff alleges that inmates at the

Putnam County Jail are allowed to walk around freely in the hall outside a courtroom, instead of being secured in a holding cell. He also alleges that, on April 9, 2018, a bailiff at the jail escorted him into this hallway and another inmate attacked him, fracturing Plaintiff's jaw.

As stated in the Court's previous Memorandum Opinion (Doc. No. 4 at 4–5), Plaintiff's claim for failing to protect him from an attack by another inmate has objective and subjective requirements. Bishop v. Hackel, 636 F.3d 757, 766–67 (6th Cir. 2011) (citing Farmer, 511 U.S. at 833). For the objective component, Plaintiff must demonstrate that "he [was] incarcerated under conditions posing a substantial risk of serious harm." Id. at 766 (quoting Farmer, 511 U.S. at 833). For the subjective component, he must show that jail officials "acted with 'deliberate indifference' to inmate health or safety," id. (quoting Farmer, 511 U.S. at 834), meaning that the officials "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Id. at 766–67 (quoting Farmer, 511 U.S. at 837). As to municipalities such as Putnam County, a plaintiff seeking to demonstrate deliberate indifference typically must show "that the municipality was aware of prior unconstitutional actions by its employees and failed to take corrective measures." Miller v. Calhoun Cty., 408 F.3d 803, 815 (6th Cir. 2005) (citing Stemler v. City of Florence, 126 F.3d 856, 865 (6th Cir. 1997)).

Here, the Court assumes without deciding that Plaintiff satisfied the objective component by alleging that he was escorted into a hallway with other unrestrained inmates. Plaintiff has not, however, demonstrated that Putnam County's policy or custom caused the subsequent attack. Allowing unrestrained inmates in a hallway outside a courtroom at the Putnam County Jail may be inadvisable, but Plaintiff's allegations do not reflect that jail officials were aware of any heightened risk to Plaintiff. Plaintiff alleges that he was attacked by another inmate with whom he had been previously deemed incompatible (Doc. No. 1 at 5, 7), but does not allege that jail officials

knew this inmate was among the numerous inmates in the hall. Because Plaintiff has not satisfied the subjective component of a failure to protect claim against Putnam County, the only potential defendant named in the amended complaint, this claim will be dismissed.

## III. Conclusion

For these reasons, the Court concludes that the amended complaint fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). Accordingly, this action will be dismissed, and the Court will certify that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). The Court, therefore, will not grant Plaintiff leave to proceed *in forma pauperis* on any appeal.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE